# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DEMETRIUS CRUTCHFIELD,                                                              PLAINTIFF
#31816-009

V.                                         3:19CV00276-BSM-JTK

JOHNSON, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Crutchfield, a federal inmate incarcerated at the Beckley Federal Correctional Institution (FCI), filed this pro se 42 U.S.C. § 1983 action on October 15, 2019, while incarcerated at the Greene County Jail. (Doc. No. 1) Defendants Cox, Crittenden, Greene County, Alcia Hubble, Cooper, Tate, and Does were dismissed on June 3, 2020 (Doc. No. 31).

This matter is before the Court on the Motion to Dismiss or Abstain, filed by remaining Defendants B. Johnson, Ford, and Ryan Hubble. (Doc. No. 38) Plaintiff filed a

Response in opposition to the Motion. (Doc. No. 48)

I.  **Facts and Analysis**

This matter involves two nearly identical cases filed by Plaintiff on the same date. In the present case (Crutchfield 1), the remaining claims are an excessive force claim against Defendant B. Johnson, a failure to protect claim against Defendant Ford, and a verbal harassment claim against Defendant Hubble. These claims stem from an incident which occurred at the Jail on August 30, 2019.[1] In the second case, Crutchfield v. Carter, 3:19cv00277-BPM-BD (Crutchfield 2), Plaintiff asserted the same allegations against these three Defendants in connection with the same incident, in addition to other miscellaneous claims against other defendants. On January 15, 2021, United States District Chief Judge D. P. Marshall Jr. dismissed with prejudice the excessive force claim against B. Johnson, the failure to protect claim against Defendant Ford, and the verbal harassment claim against Defendant Hubble in Crutchfield 2. (Doc. Nos. 82-83)

II.  **Motion to Dismiss**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a

---

[1] Plaintiff listed the date as August 30, 2019 in his original complaint(Doc. No. 1), but stated in his Amended and Second Amended Complaints that it may have occurred on August 31, 2019. (Doc. Nos. 8, 12)

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

In the present Motion, filed on November 16, 2020, prior to the dismissal of Crutchfield 2, Defendants asked the Court to dismiss or abstain from deciding this case, based on the duplicative claims, in order to conserve resources, and because Crutchfield 2 had progressed to the summary judgment stage. Plaintiff responded that he intended to show a genuine issue of material facts and that video footage of the incident will provide evidence of the Defendants' misconduct. He stated that although the two cases were similar, he did not file this lawsuit for vexacious or tactical purposes, which is a factor for the court to consider in determining whether to dismiss this case. However, since Crutchfield 2 now has been dismissed, the Court finds that the present case also should be dismissed as barred by res judicata.

Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994). The Court further stated, the "prior judgment is binding ... not only

4

as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose....[and] whether the present action is the same cause of action as the prior action depends on whether it 'arises out of the same nucleus of operative facts as the prior claim.'" Id., quoting Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990). Plaintiff complained about the same incident in both cases, and the individual and official capacity liabilities of the three defendants in this case (B. Johnson, Ford, and Ryan Hubble) were decided on the merits in Crutchfield 2.

Therefore, since the present case is identical in every respect as the prior case and focuses on the same underlying facts, the Court finds that this case should be dismissed as barred by res judicata.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion to Dismiss (Doc. No. 38) be GRANTED, and Plaintiff's claims against Defendants be DISMSSED with prejudice.

IT IS SO RECOMMENDED this 16th day of March, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE